IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAHEED F. MUHAMMAD, #B-67134, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-991-JPG |
| | ) | |
| LEE RYKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff filed the instant complaint on December 8, 2010 (Doc. 1). On January 24, 2011, the Court granted Plaintiff's IFP motion (Doc. 4). The Court ordered him to pay the $350.00 filing fee by making monthly payments of 20% of the preceding month's income from his prison trust fund account. He was not ordered to pay an initial partial filing fee because he was without funds. No partial payment of the fee has been received by the Clerk to date. The Court then ordered Plaintiff to pay the filing fee in full or file a new motion to proceed *in forma pauperis* by March 21, 2011, because Plaintiff had been released from incarceration (Doc. 11). Soon thereafter, the Court was informed by the Department of Corrections that Plaintiff had been returned to custody and was housed in the Stateville Correctional Center. Plaintiff has been ordered (Doc. 12) to file a notice of change of address with the Court no later than March 21, 2011, or face dismissal. This case is now before the Court, *sua sponte*, to reconsider Plaintiff's pauper status and the dismissal of his case.

**DISCUSSION**

Title 28 U.S.C. § 1915 gives authority to federal courts to "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" That authority, however, is constrained by § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief my be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is commonly referred to as the "three strikes rule." When an action is dismissed as frivolous, malicious, or for failing to state a claim, it is sometimes stated that such dismissal is a "strike" for purposes of § 1915(g). If a prisoner accumulates three "strikes" he is not allowed to file future actions without full pre-payment of the filing fee, unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A court reviewing a prisoner's motion to proceed IFP must determine whether the prisoner has accumulated three or more prior "strikes." Because Section 1915(g) operates to prevent an action from being "brought" if the prisoner has "on . . . *prior* occasions" accrued too many strikes, strikes incurred *after* an action is "brought" do not factor into the Court's IFP analysis. Although Section 1915 does not define the point at which an action is "brought," Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." It is axiomatic that a civil action is "brought" when the action is "commenced" under Rule 3. Thus, a civil action is "brought" for purposes of Section 1915(g) when a complaint is filed with a court.

As noted above, the instant complaint was filed on December 8, 2010. Consequently, this Court must examine any dismissals occurring prior to that date in which Plaintiff was assessed a "strike" under Section 1915(g). In reviewing Plaintiff's prior litigation, the Court has found three cases in which Plaintiff had a complaint dismissed and a strike assessed prior to December 8, 2010. The cases are: *Muhammad v. Briley*, Case No. 02-cv-5018 (N.D. Ill., filed Aug. 15, 2002); *Muhammad v. County of Cook*, Case No. 02-cv-865 (N.D. Ill., filed March 21, 2002); *Muhammad v. Walker*, Case No. 05-cv-1580 (N.D. Ill., filed March 17, 2005).

In *Muhammad v. Briley*, the Northern District of Illinois found that Plaintiff had failed to state a claim upon which relief could be granted. (02-cv-5018, Doc. 4, filed August 15, 2002). This dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Bouriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). This is strike one. Plaintiff was given his second strike in *Muhammad v. County of Cook*, where the Northern District of Illinois found that Plaintiff had failed to state a claim upon which relief could be granted. (02-cv-865, Doc. 20, filed August 29, 2002). His third strike came in *Muhammad v. Walker*, where the Northern District of Illinois found that Plaintiff had failed to state an actionable civil rights claim. (05-cv-1580, Doc. 6, filed March 29, 2005). *See George,* 507 F.3d at 607-08; *Bouriboune,* 391 F.3d at 855.

Because these dismissals count as strikes, Plaintiff has "struck out." A review of Plaintiff's fact allegations in the instant action indicate that at the time the suit was filed, he might have been under "imminent danger of serious physical injury" from his cellmate. However, Plaintiff was subsequently released from the institution where he was housed at the time he filed suit, and is now in a different penal institution. Thus, any "imminent danger"

Plaintiff may have been under is now dissipated, and Plaintiff may not proceed IFP.

In addition, another serious flaw in Plaintiff's complaint has come to light. In section "II. PREVIOUS LAWSUITS," Plaintiff falsely asserted that he had not "begun any other lawsuits in state or federal court relating to [his] imprisonment." (Doc. 1, p. 3) Not only had Plaintiff in fact filed the three actions discussed above, he had also filed two previous actions in this Court, as well as one additional case in the Northern District of Illinois, and another case in the Eastern District of Texas. *See Muhammad v. McDonald*, Case No. 98-cv-174 (S.D. Ill., filed March 3, 1998) (dismissed for failure to exhaust administrative remedies; not a strike); *Muhammad v. Thomas*, Case No. 06-cv-225 (S.D. Ill., filed March 20, 2006) (dismissed for failure to prosecute; not a strike); *Muhammad v. Wilson*, Case No. 05-cv-743 (N. D. Ill., filed June 28, 2005) (summary judgment granted for defendants; not a strike); *Muhammad v. FNU Wilson*, Case No. 09-cv-279 (E.D. Tx., filed March 31, 2009) (dismissed for failure to prosecute; not a strike). Plaintiff did not disclose any of his seven prior lawsuits in the instant complaint.

As Plaintiff was warned by the Northern District of Illinois in its Memorandum Opinion and Order assessing his third strike, "The Plaintiff's omissions [failure to disclose prior lawsuits in his new complaint] suggest possible fraud on the court, which generally must 'lead to immediate termination of the suit.' *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)." *Muhammad v. Walker*, Case No. 05-cv-1580 (Doc. 6, entered March 29, 2005). *See also* FED. R. CIV. P. 11; *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (a litigant who has previously received three "strikes" and fails to disclose that fact in a later-filed lawsuit may have his action immediately terminated by the court as a sanction for this misconduct). Under this authority, the Court finds that the instant action is subject to immediate dismissal.

DISPOSITION

IT IS HEREBY ORDERED that Plaintiff's leave to proceed *in forma pauperis* is **REVOKED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to Plaintiff's bringing these claims in a fully pre-paid complaint, should Plaintiff also fully comply with the show cause instructions below.

**THE COURT FURTHER FINDS** that Plaintiff has now accumulated unpaid filing fees with this Court of $749.09, for the filing of the instant action ($350) and cases 98-cv-174 ($149.16), and 06-cv-225 ($249.93). Therefore, Plaintiff is hereby **ORDERED TO SHOW CAUSE** why the Court should not restrict Plaintiff from filing any further actions in this Court until such time as Plaintiff pays the $749.09 owed as filing fees for this action and his previously filed actions in full. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan*, 181 F.3d at 859 ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Tender by Plaintiff of the full $749.09 in outstanding fees for this action and cases 98-cv-174 and 06-cv-225 to the Clerk of the Court within **forty-five (45) days** from the date of entry of this Order **(on or before April 28, 2011)** shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order.

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at the Stateville Correctional Center *upon entry of this Memorandum and Order*.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   3/10/2011

s/ J. Phil Gilbert

**U.S. DISTRICT JUDGE**